FRANK M. MURPHY, III
Attorney at Law, Bar # 51216
2482 Greyling Drive
San Diego, CA 92123-3907
Phone:  858-277-3207
FAX:  858-277-3207
E-mail:  fmlaw@san.rr.com


Attorney for Defendant
FRANCISCO JAVIER HERNANDEZ-GUTIERREZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.  08cr0207-BEN |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **STATEMENT OF FACTS** |
| | ) | **AND** |
| v. | ) | **POINTS AND AUTHORITIES** |
| | ) | |
| FRANCISCO JAVIER HERNANDEZ-     GUTIERREZ, | ) | Date:  3/10/08 |
| | ) | Time:  2:00 p.m. |
| Defendant.) | | Court: Judge BENITEZ |
| _____ | ) | |

**STATEMENT OF FACTS**

On January 8, 2008 at about 8:50 a.m. defendant approached a checkpoint located on Highway 111 near Niland, California. Defendant was driving a semi-trailer truck.  A search of the vehicle revealed the presence of a person in the storage compartment of the cab of the truck.  It was determined that the person was illegally in the U.S.  The defendant was arrested.

**POINTS AND AUTHORITIES**

1.  **STATEMENT OF DEFFENDANT**.  Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(A)and (B)*, *Brady v. Maryland,* 373 U.S. 383 (1963) and the *Fifth* and *Sixth Amendments* to the *United States Constitution*, defendant requests disclosure of any statements, whether oral, written, or recorded made by him which are in the possession, custody, or control of the government, or which by the exercise of due diligence may become known to the government, regardless of to whom made. A defendant has the right to inspect any copy written or recorded statements made by him to government agents or within the custody or control of the government.  This rule has been extended to permit discovery or a written summary of the defendant's oral statement contained the handwritten notes of the government agent. *United States v. Johnson*, 525 F.2d 999 (2nd Cir. 1975); *United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1976; *Loux v. United States*, 389 F.2d 911 (9th Cir. 1968).

2.  **DEFENDANT'S CRIMINAL RECORD**. Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(D)*, defendant requests disclosure of his criminal record.

3. **DOCUMENTS, TANGIBLE OBJECT, REPORTS.** Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(E)* defendant requests the opportunity to inspect and copy or photograph all books, papers, documents, data, photographs, and tangible objects buildings or places which are enumerated in subsections (i), (ii) and (iii).

4. **REPORTS OF EXAMINATIONS AND TESTS.** Defendant also requests any and all results and reports of scientific tests or experiments conducted by the government pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(F)*.

5. **EXPERT WITNESSES.** Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(G)* defendant requests disclosure of a written summary of testimony the government intends to use under *Federal Rules of Evidence 702, 703, or 705*.

6. **NOTICE OF GOVERNMENT'S INTENT TO USE EVIDENCE.** *Federal Rule of Criminal Procedure 12(b)(4)(B)* provides in pertinent part:

> "At the arraignment or as soon thereafter as practicable the defendant may, in order to have an opportunity to move to suppress under Rule 12 (b)(3)(C), request notice of the government's intention to use (in its evidence-in-chief at trial) any evidence which the defendant may be entitled to discover

under Rule 16."

The purpose of this rule is to avoid needless motions by the defense to suppress evidence that is not going to be used at trial. The Rule places a burden on the government to review its case and let the defendant know what evidence the government is going to use. In this way, the Rule seeks to "eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt." *Jones v. United States*, 362 U.S. 257, 264 (1960).

7.   **RULE 404(b) EVIDENCE.** Defendant requests the government be ordered to provide discovery and reasonable notice of evidence of other crimes, wrongs, or acts of the defendant that the government contends may be proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Defendant must have access to such evidence in order to be able to make a timely motion to exclude it at trial and for the purposes of the "balancing" required by *Rule 403*. See *United States v. Cook,* 609 F.2d 1174 (9th Cir. 1985).

8.   **RULE 609 EVIDENCE.** Defendant requests that the government produce all evidence of prior convictions of the defendant that the government intends to introduce at trial, for impeachment purposes, in the event the defendant testifies.

Pretrial production of such convictions is necessary in order that the defendant may determine whether such convictions are admissible under *Rules 403 and 609*. The defendant further requests that the government supply the defendant with the notice required by *Rule 609(b)* relative to convictions in excess of 10 years old which the government intends to use for impeachment at trial.

    9. **PRESERVATION OF AGENTS' ROUGH NOTES**. Defendant requests an order that the rough notes of agents be ordered preserved at this time so that appropriate motions may be brought in the future of their production. *United States v. Harris,* 543 F.2d 1247 (9th Cir. 1976).

    10. **TIMETABLE FOR DISCLOSURE OF *JENCKS* MATERIAL.** Defendant requests that the court establish a timetable for disclosure of *Jencks* material pre-trial to avoid unnecessary delay during the trial for investigation and in order that counsel may prepare for cross-examination.

    11. **GOVERNMENT AGREEMENTS WITH WITNESSES**. Defendant requests disclosure of all agreements between the government and prosecution witnesses which may tend to show bias or motive not to tell the truth.

    12. **BRADY AND GIGLIO MATERIAL**. Pursuant to *Brady v. Maryland*, 373 U.S. 383 (1963), *United States v. Agurs*, 42 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972),

defendant requests that the court order the government to disclose all evidence in its possession favorable to him on the issue of guilt, or evidence which tends to effect the credibility of the prosecution's case

15. **GOVERNMENT REVIEW OF LAW ENFORCEMENT PERSONNEL FILES.** The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informant who may be involved in this case.  The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).  See *U.S. v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992).

Dated: February 21, 2008

                                      Respectfully submitted,
                                      S/FRANK M. MURPHY, III
                                      Attorney for Defendant
                                      E-mail:  fmlaw@san.rr.com