Neil R. Trop
Attorney at Law
1991 Village Park Way
Suite 160
Encinitas, CA  92024
(760) 634-1295
(760) 634-1296 (fax)
neiltroplaw@hotmail.com
SBN: 68246

Attorney for Material Witness:  MARCOS ALONSO-DOMINGUEZ

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF  AMERICA, | ) | CASE NO. 08CR207 |
| | ) | |
| Plaintiff, | ) | DATE:  3/12/08 |
| vs. | ) | TIME:  2:30 p.m. |
| | ) | MAGISTRATE JUDGE: |
| | ) | LOUISA S. PORTER |
| | ) | |
| FRANCISCO JAVIER HERNANDEZ-GUTIERREZ, | ) | **NOTICE OF MOTION AND** |
| | ) | **MOTION FOR VIDEO** |
| | ) | **DEPOSITION OF** |
| Defendant. | ) | **MATERIAL WITNESS** |
| | ) | **AND REQUEST THAT** |
| | ) | **THIS MOTION BE HEARD** |
| | ) | **BY THE DUTY** |
| | ) | **MAGISTRATE JUDGE IN** |
| | ) | **SAN DIEGO** |

TO: Frank Murphy, Attorney for Defendant, FRANCISCO JAVIER HERNANDEZ-GUTIERREZ and AUSA Christina McCall, US Attorney's Office, Attorney for Plaintiff, the United States of America.

PLEASE TAKE NOTICE that on March 12, 2008 at 2:30 p.m. in the courtroom of the Honorable Louisa S. Porter, United States Magistrate Judge, or as soon thereafter as counsel may be heard, material witness MARCOS ALONSO-DOMINGUEZ, by and through his counsel, Attorney Neil R. Trop, will seek an order of this Court authorizing and mandating the video tape deposition of this material witness.

Although this case arose before the Honorable Peter C. Lewis in El Centro, counsel for the material witness respectfully requests that this motion be heard before the Honorable Louisa S. Porter, the acting duty magistrate judge on March 12, 2008, to avoid the travel time of counsel and accompanying expense to the government.

The proposed order describing the conditions of the deposition, and the subsequent direct release of the witness to the custody of the Bureau of Immigration and Customs Enforcement has been served on all parties and has been filed in this Court.   Should any counsel require an additional copy of said Order they may contact Attorney Trop.

DATE:_____2/25/08_____        /s/*Neil R. Trop*_____

NEIL R. TROP, Attorney for Material Witness Marcos Alonso-Dominguez

Neil R. Trop
Attorney at Law
1991 Village Park Way
Suite 160
Encinitas, CA  92024
(760) 634-1295
(760) 634-1296 (fax)
neiltroplaw@hotmail.com
SBN: 68246

Attorney for Material Witness:  MARCOS ALONSO-DOMINGUEZ

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF  AMERICA, | ) | CASE  NO. 08CR207 |
| | ) | |
| Plaintiff, | ) | |
| | ) | DATE:  3/12/08 |
| vs. | ) | TIME:  2:30 p.m. |
| | ) | JUDGE: LOUISA S. PORTER |
| | ) | |
| | ) | **POINTS AND** |
| | ) | **AUTHORITIES IN** |
| FRANCISCO JAVIER HERNANDEZ- | ) | **SUPPORT OF MOTION** |
| GUTIERREZ, | ) | **FOR VIDEO DEPOSITION** |
| | ) | **OF MATERIAL** |
| Defendant. | ) | **WITNESS MARCOS** |
| | ) | **ALONSO-DOMINGUEZ** |
| | ) | |
| | ) | |

## I.

## INTRODUCTION

The material witness, Marcos Alonso-Dominguez, is alleged to be an undocumented alien apprehended by an agent of the United States Bureau of Customs and Border Protection at the Highway 111 primary inspection area.

The defendant in this case, FRANCISCO JAVIER HERNANDEZ-GUTIERREZ is alleged to be the driver of a white semi-truck in which the material witness was found.

Marcos Alonso-Dominguez has been held in U.S. Marshal's custody under a federal material witness complaint since on or about January 8, 2008 and has no prospect of meeting any of the conditions for release imposed by the Department of Homeland Security.   Under these circumstances, he will continue in the custody of the United States unless and until his release is achieved through the operation of a video deposition.  Such continued custody constitutes an unreasonable hardship on the material witness and his family.

Marcos Alonso-Dominguez, by and through his counsel, moves this Court for an order under 18 U.S.C. § 3144 and Federal Rule of Criminal Procedure 15, as counsel has been unable to secure a surety for said material witness under the conditions imposed by the government in this matter.


## II.

### UNDER EXISTING FEDERAL LAW THE COURT IS REQUIRED TO ORDER THE DEPOSITION AND RELEASE OF THIS WITNESS

18 U.S.C. § 3144 provides that material witnesses who are unable to comply with any condition of release have the right to have their deposition taken and thereafter be released:

"No material witness may be detained because of inability to comply with a condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. . ."

Further, Federal Rule of Criminal Procedure 15 (a) provides the procedural basis for this motion for deposition:

"If a witness is detained pursuant to § 3144 of Title 18, United States Code, the Court on written motion of the witness and upon notice to the parties may direct that the witness's deposition be taken.  After the deposition has been subscribed the Court may discharge the witness. . ."

The language of 18 U.S.C. § 3144 is mandatory and requires material witnesses' deposition and release.  Moreover, any ambiguity which exists in 18 U.S.C. § 3144 must be construed in favor of material witnesses who have been incarcerated indefinitely without being charged with any criminal violation.

In the case of *In re Class Action Application for Habeas Corpus on behalf of all Material Witnesses in the Western District of Texas*, 612 Fed.Supp. 940, 945 (1985), the Court stated:

" As a final matter, this Court is of the opinion that 18 U.S.C. § 3144 required that an individual incarcerated as a material witness be deposed if certain requirements are met.  Without assistance of counsel, it is this Court's belief that deposition of material witnesses rarely go forward and that as a consequence the incarceration of material witnesses is prolonged.  This Court is

of the opinion that extant procedures not only create the risk of erroneous deprivations of liberty, but also create the risk of unnecessarily prolonged deprivation of liberty. . .”

The instant witness is entitled to due process of the law under the Fifth Amendment. Id. 612 Fed Supp. At 944. Also see *United States v. Linton* 502 Fed. Supp. 878 (1980), which had a material witness's deposition ordered and then ordered the release of material witness despite failure of the witness to appear in response to subpoena in the underlying criminal action.

Further, legislative history supports the position that the deposition and release of the material witness is mandatory.

Section 3144:    RELEASE OR DETENTION OF A MATERIAL WITNESS, states (in part):

“This section carries forward, with two significant changes, current 18 U.S.C. 3149 which concerns the release of a material witness. If a person's testimony is that it may become impracticable to secure his presence by subpoena, the government is authorized to take such person into custody. A judicial officer is to treat such a person in accordance with § 3142 and to impose those conditions of release that he finds to be reasonably necessary to assure the presence of the witness as required, or if no conditions of release will assure the appearance of the witness, order his detention as provided in § 3142. However, if a material witness cannot comply with release conditions or there are no release conditions that will assure his appearance, but he will give a

deposition that will adequately preserve his testimony, the judicial officer is required to order the witness's release after the taking of the deposition if this will not result in a failure of justice . . ." 1984 U.S. code Cong. And Adm. News, p. 3182.

The Court's attention is further directed to the case of *Martin Torres-Ruiz; Rafael Machado-Triana v. United States District Court for the Southern District of California* (1997) 120 F.3d 933 in which our own Ninth Circuit reviewing a Southern District case held that aliens who are detained as material witnesses in alien smuggling prosecutions are entitled to have the court schedule videotaped depositions because the aliens' testimony can be adequately preserved by such procedures and further detention would cause the aliens and their families to continue to suffer extreme and unnecessary hardship. That court found such hardship to constitute "exceptional circumstances." (Id at p. 935.)

In the instant matter, counsel for the detained material witness believes there will be no failure of justice in requiring the deposition, and asserts that such is supported by case law. It is true that the defendant has a Constitutional right to confront and cross-examine witnesses against him, but these rights must be balanced against the Constitutional rights of the detained witness. In this matter, the defendant is represented by counsel, counsel for the defendant will be notified of the time and place of the deposition and counsel is invited to ask all questions of the witness which they believe will further their client's case.

## III.

## CONCLUSION

Under the clear meaning of U.S.C. § 3144, legislative history and relevant case law, the ordering of deposition and subsequent release of this material witness appears mandatory.

With that in mind, the witness respectfully requests this Court to grant video deposition of his testimony and then order him released to the custody of the Bureau of Immigration and Customs Enforcement.

DATE:    2/25/08        /s/*Neil R. Trop*

NEIL R. TROP, Attorney for
Material Witness Marcos Alonso-Dominguez

Neil R. Trop
Attorney at Law
1991 Village Park Way
Suite 160
Encinitas, CA  92024
(760) 634-1295
(760) 634-1296 (fax)
neiltroplaw@hotmail.com
SBN: 68246

Attorney for Material Witness: MARCOS ALONSO-DOMINGUEZ


# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE  NO. 08CR207 |
| | ) | |
| Plaintiff, | ) | |
| | ) | DATE: 3/12/08 |
| vs. | ) | TIME:  2:30 p.m. |
| | ) | JUDGE: LOUISA  S.  PORTER |
| | ) | |
| | ) | **DECLARATION OF** |
| | ) | **ATTORNEY NEIL R.** |
| FRANCISCO JAVIER HERNANDEZ- | ) | **TROP IN SUPPORT OF** |
| GUTIERREZ, | ) | **MOTION FOR VIDEO** |
| | ) | **DEPOSITION** |
| Defendant. | ) | **OF MATERIAL WITNESS** |
| | ) | **MARCOS ALONSO-** |
| | ) | **DOMINGUEZ** |
| | ) | |

Based upon information and belief Neil R. Trop declares under penalty

of perjury as follows:

Material witness MARCOS ALONSO-DOMINGUEZ has been in

custody in his capacity as a material witness since January 8, 2008.  He has no

prospects for release on bond.

The material witness has two children residing in the Republic of Mexico for whom he provides financial support. The material witness also provides financial support for his elderly father who resides in the Republic in Mexico.

Executed this 25th day of February, 2008 at Encinitas, California.


_____/s/Neil R. Trop_____

NEIL R. TROP, Attorney for
Material Witness Marcos Alonso-Dominguez